UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 20-134 |
| v. | * | SECTION: M |
| RAFAEL ATKINS | * | |

\* \* \*

## FACTUAL BASIS

The United States and defendant **RAFAEL ATKINS** ("**ATKINS**") stipulate and agree that the below facts are true and that they would have been proven beyond a reasonable doubt had this matter proceeded to trial. The United States and **ATKINS** further stipulate and agree that these facts provide a sufficient basis for a plea of guilty to the charge that **ATKINS**, not being lawfully entitled a certificate, license, and document issued to officers and seamen by any officer and employee of the United States authorized by law to issue the same, did receive and possess said certificate, license, and document, with intent unlawfully to use said certificate, license, and document, in violation of Title 18, United States Code, Section 2197. The below facts are offered for the purpose of establishing a sufficient factual basis to support the guilty plea and therefore do not necessarily describe all the details of the offense or **ATKINS**'s complete knowledge of the offense.

A. At all times relevant herein:

Federal statutes and regulations ("federal law") authorized the United States Coast Guard ("USCG") to issue merchant mariner credentials ("MMCs") and related endorsements. Under federal law, all mariners employed aboard United States merchant vessels greater than 100 gross registered tonnage, with a few limited exceptions, were required to have valid MMCs. Furthermore, to serve in various positions, federal law required mariners to have particular

AUSA _CM_
Defendant _RLA_
Defense Counsel _BJc_

endorsements added to their MMCs. Consequently, an MMC and each endorsement to an MMC each constituted a "certificate, license, or document," as described in Title 18, United States Code, Section 2197.

Endorsements determined what position mariners could work, on what kind of vessels, and in what waters. The presence of an endorsement on an MMC indicated that the mariner was qualified to serve in the specified capacity and that he had met all legal requirements for that endorsement. Federal law prohibited a mariner from serving in a position for which he lacked the required endorsement. Similarly, federal law prohibited a business from employing a mariner in a position for which he lacked the required endorsement.

In order to obtain an MMC, a mariner was required to meet various requirements and to take an oath, promising to faithfully and honestly perform all the duties required by the laws of the United States. For many endorsements, federal law required mariners to pass USCG-administered examinations. These examinations tested mariners' knowledge and training to safely operate under the authority of the endorsements. The examinations, which typically consisted of numerous separately-graded modules, were administered at USCG regional exam centers. One such regional exam center, known as REC New Orleans, was located in the Eastern District of Louisiana. USCG employees at the regional exam centers entered the scores into a computer system used to manage the issuance of credentials to mariners and to process applications for MMCs and endorsements.

In some situations, passing an examination for one endorsement could enable a mariner to obtain one or more additional endorsements. This could occur, for example, if the examination fulfilled a requirement for an additional endorsement or if obtaining the tested for endorsement fulfilled a requirement for an additional endorsement.

2

AUSA _CM_
Defendant _RLA_
Defense Counsel _BJC_

B. **ATKINS received, possessed, and intended to use endorsements to which he was not lawfully entitled**

ATKINS was a mariner who sought to add what is known as a Third Mate Unlimited Tonnage Upon Oceans ("Third Mate Unlimited Oceans") endorsement to his MMC. As ATKINS knew, in order to lawfully obtain this endorsement, he was required to pass a specific examination at a regional exam center.

Beverly McCrary ("McCrary") was a USCG employee at REC New Orleans. McCrary informed ATKINS that McCrary could, in exchange for money, arrange for mariners to receive false passing examination scores at REC New Orleans.

Prior to September 12, 2013, ATKINS formed an agreement with McCrary to pay McCrary a sum of money in exchange for McCrary arranging for another USCG employee at REC New Orleans to falsely report that ATKINS had passed the examination required for a Third Mate Unlimited Oceans endorsement. Pursuant to this agreement, ATKINS paid McCrary a sum of money.

As a result of ATKINS's conduct, on or about September 12, 2013 and September 13, 2013, a USCG employee at REC New Orleans falsely reported in a USCG computer system that ATKINS had passed the examination associated with his application for a Third Mate Unlimited Oceans endorsement. As ATKINS knew, this false report was made in furtherance of, and was essential to, his receipt of the endorsement. As ATKINS knew, he had not passed the examination and, therefore, was not lawfully entitled to the endorsement. As a result of ATKINS so intentionally causing the USCG examiner to make this false entry, the USCG issued ATKINS a Third Mate Unlimited Oceans endorsement.

AUSA _CM_
Defendant _RCA_
Defense Counsel _BSC_

ATKINS later sought to add what is known as a Master Less Than 1600 Gross Registered Tonnage Upon Oceans ("Master 1600 Oceans") endorsement to his MMC. As ATKINS knew, in order to lawfully obtain this endorsement, he was required to pass a specific examination at a regional exam center. Prior to January 23, 2015, ATKINS formed an agreement with McCrary to pay McCrary a sum of money in exchange for McCrary arranging for another USCG employee at REC New Orleans to falsely report that ATKINS had passed the examination required for a Master 1600 Oceans endorsement. Pursuant to this agreement, ATKINS paid McCrary a sum of money.

As a result of ATKINS's conduct, on or about January 23, 2015, a USCG employee at REC New Orleans falsely reported in a USCG computer system that ATKINS had passed the examination associated with his application for a Master 1600 Oceans endorsement. As ATKINS knew, this false report was made in furtherance of, and was essential to, his receipt of the endorsement. As ATKINS knew, he had not passed the examination and, therefore, was not lawfully entitled to the endorsement. As a result of ATKINS so intentionally causing the USCG examiner to make this false entry, the USCG issued ATKINS a Master 1600 Oceans endorsement.

As ATKINS knew, possession and use of the above-referenced endorsements and/or the examinations required for those endorsements, satisfied some of the requirements to obtain what is known as a Second Mate Unlimited Tonnage Upon Oceans ("Second Mate Unlimited Oceans") endorsement and what is known as a Master Offshore Supply Vessels Less Than 10000 Gross Registered Tonnage Upon Oceans ("Master OSV 10000 Oceans") endorsement. ATKINS used his above-referenced fraudulently-obtained endorsements and/or false examination scores to obtain Second Mate Unlimited Oceans and Master OSV 10000 Oceans endorsements. As ATKINS further knew, he was not lawfully entitled to the Second Mate Unlimited Oceans and Master OSV 10000 Oceans endorsements because the USCG issued them based on the belief that

4



AUSA _CM_
Defendant _RG_
Defense Counsel _BSC_

**ATKINS** legitimately obtained the above-referenced passing examination scores.

The aforementioned endorsements, to which **ATKINS** was not lawfully entitled, authorized a mariner to, among other things, serve as the master of offshore supply vessels less than 10,000 gross registered tonnage in any waters, serve as the master of vessels less than 1,600 gross registered tonnage in any waters, and serve as the second mate of vessels of any tonnage in any waters. The master, also known as the captain, is the officer having command of a vessel. The master is ultimately held responsible for the safety of the crew, vessel, cargo and all aspects of the vessel's operation. The second mate of a vessel holds an officer-level position and is second only to the chief mate in the deck department. The second mate typically is responsible for, among other things, being the navigation officer, voyage plans, keeping watch of the bridge, and maintaining lifesaving equipment.

From on or about September 12, 2013, through on or about August 21, 2020, in the Eastern District of Louisiana and elsewhere, **ATKINS**, received and possessed the above-referenced endorsements and an MMC containing said endorsements, knowing that he was not lawfully entitled to them and with the intent to unlawfully use them.

_____   1/20/2021
CHANDRA MENON                     Date
Assistant United States Attorney

_____   1/26/21
BRIAN J. CAPITELLI                Date
Counsel for Defendant

_____   1/21/2021
RAFAEL ATKINS                     Date
Defendant